The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This official Attorney General opinion is rendered in response to a question you have raised concerning the override of a mayor's veto. You have asked:
 If the city council in a city of the second class fails to override a mayor's veto at the council meeting immediately following the mayor's veto because of a failure to obtain a quorum, can the council take up the matter at a subsequent council meeting and override the veto?
I must note initially my understanding that in most cities, the common practice for overriding vetoes is for the city council to override the veto at the meeting of the city council immediately following the veto. This clearly is a reasonable and efficient approach to the situation.
However, it is my opinion that the question of when a city council must act to override a mayor's veto is one that is not squarely addressed by state law and that will ultimately have to be clarified either legislatively or judicially. Nevertheless, having reviewed and analyzed the language of the relevant Arkansas statute and the decisions of other jurisdictions, I find that a rational interpretation of the statute is that the city council is not strictly required to act at the council meeting immediately following the veto, but that is must act within a reasonable time.
The statute that is relevant to this question is A.C.A. § 14-44-107, which states in pertinent part:
 (b)(1) The mayor in these cities shall have the power to veto, within five (5) days, Sundays excepted, after the action of the council thereon, any ordinance, resolution, or order adopted or made by the council, or any part thereof, which in his judgment is contrary to the public interest.
 (2)(A) In case of a veto, before the next regular meeting of the council, the mayor shall file in the office of the city recorder, to be laid before the meeting, a written statement of his reasons for so doing.
 (B) No ordinance, resolution, or order, or part thereof, vetoed by the mayor shall have any force or validity unless, after the written statement is laid before it, the council shall, by a vote of two-thirds (2/3) of all the aldermen elected thereto, pass it over the veto.
A.C.A. § 14-44-107(2).[1]
It is clear from the language of the above-quoted statute that the only occurrence related to the veto that must happen at the meeting immediately following the mayor's veto is the mayor's presentation to the city council of his or her written reasons for the veto. The city council is not required by the strict language of the statute to act at that time.
The only time restriction that is explicitly placed upon the city council by the statute is that it must act to override the veto "after" the mayor's reasons have been placed before it. The courts of other jurisdictions have considered similar provisions. In each of those jurisdictions, the relevant statutory provision, like Arkansas', required the mayor to veto within a certain time frame, or to present his written reasons for doing so, at the next regular meeting of the city council after the veto. Those provisions, also like Arkansas', did not specify a time frame within which the city council was strictly required to act to override the mayor's veto, other than that the override must occur "after" presentation of the mayor's reasons for the veto. The courts in those jurisdictions held that the city council was not required to override the veto at the next meeting after the veto, but that it must act within a reasonable time period. See, e.g., Hanna v. Rathje,171 N.W.2d 876 (1969); Schmittou v. City of Nashville, 208 Tenn. 290,345 S.W.2d 874 (1961); Warner v. Coatesville Borough, 231 Pa. 141, 80 A. 576
(1911).
I find that this approach is a reasonable one. It is also supported by another aspect of the Arkansas statute. The language of A.C.A. §14-44-107(2)(B) appears to require that the particular city council whose legislation was vetoed by the mayor must be the council who overrides the veto. This reading of the statute would require that the override occur during the time period when the terms of all members of the council who override the veto overlap.
For the foregoing reasons, I conclude that if the city council fails to obtain a quorum at the city council meeting immediately following the mayor's veto, the council is not strictly required to override the veto at the city council meeting immediately following the veto, but that the council must act to override the veto within a reasonable time.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The provisions of law governing the override of vetoes in cities of the first class are identical to those governing cities of the second class. See A.C.A. § 14-43-504(e)(1). Accordingly, my opinion as stated herein would be the same with regard to a city of the first class.